# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **Edelmiro Escobedo, Jr.,** | § | |
| *Plaintiff* | § | |
| | § | |
| | § | |
| **v.** | § | **No. 1:24-cv-01376-RP** |
| | § | |
| | § | |
| **United States of America and the United** | § | |
| **States Department of the Army,** | § | |
| *Defendants* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff's Motion to Vacate Dismissal and Reinstate Case, filed January 6, 2026 (Dkt. 11); Plaintiff's Motion for Appointment of Counsel, filed January 29, 2026 (Dkt. 14); and the associated response and reply briefs.[1]

## I.   Background

Plaintiff Edelmiro Escobedo, Jr., a former officer with the United States Department of the Army, filed this civil rights suit on November 12, 2024, alleging that the Army's failure to promote him to the rank of full colonel was discriminatory and that the Army's handling of his discrimination complaints violated his due process rights. Dkt. 1. Defendants, the Army and the United States of America, moved to dismiss under Rule 12(b)(1) for failure to exhaust administrative remedies under 10 U.S.C. § 14502. Dkt. 6. Escobedo, who was represented by

---

[1] By Text Orders entered April 21, 2026, the District Court referred the motions to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

counsel at that time, voluntarily dismissed the case without prejudice under Rule 41(a)(1)(A)(i) on March 6, 2025. Dkt. 9. The Court closed the case the next day. Dkt. 10.

Now proceeding *pro se*, Escobedo filed this motion ten months later asking the Court to vacate the dismissal and reinstate the case. Dkt. 11. He argues that "excusable negligence, professional misconduct, and breach of duty by [his] former attorney" justifies vacatur and states that his case was voluntarily dismissed without his knowledge or consent. *Id.* at 1.

## II.    Analysis

Rule 60(b) permits a court to relieve a party from a final judgment, order, or proceeding for:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Relief under Rule 60(b) is an extraordinary remedy because the "desire for a judicial process that is predictable mandates caution in reopening judgments." *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005) (citation omitted).

The movant bears the burden to show at least one of the grounds for relief under Rule 60(b). *Osborne v. Belton*, 131 F.4th 262, 270 (5th Cir. 2025). Escobedo contends that each of the Rule 60(b) grounds for relief favors vacatur, but he presents arguments only in support of subsections 1, 3, and 6.

2

First, Escobedo argues that Rule 60(b)(1) applies because his attorney voluntarily dismissed the case without his knowledge or consent. This does not justify vacatur. Under Rule 60(b)(1), when the mistake, inadvertence, or excusable neglect "stems solely from an attorney's negligence or carelessness, reopening the case would itself be an abuse of discretion." *Stokes v. Carcavba, LLC*, No. EP-22-CV-00271-ATB, 2025 WL 1699834, at *3 (W.D. Tex. June 10, 2025). The mistakes of counsel, "who is the legal agent of the client, are chargeable to the client." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 288 (5th Cir. 1985). The proper recourse for an aggrieved client is to seek malpractice damages from the attorney. *Id.* at 289.

To show entitlement to relief under Rule 60(b)(3), the moving party "first has the burden of proving fraud or other misconduct by clear and convincing evidence and must then show that it prevented him 'from fully and fairly presenting his case.'" *Lyles v. Medtronic Sofamor Danek, USA, Inc.*, 871 F.3d 305, 317 (5th Cir. 2017) (quoting *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005)). Escobedo offers no evidence to support the allegations of misconduct by his former counsel, and his bare allegations are insufficient to warrant relief under Rule 60(b)(3). *Howard v. Lowe's Home Centers, LLC*, No. 1:16-CV-1279-RP, 2018 WL 6431015, at *1 (W.D. Tex. July 5, 2018), *aff'd*, 765 F. App'x 76 (5th Cir. 2019).

Rule (b)(6) is "mutually exclusive" from the other subsections and "extends relief only in 'extraordinary circumstances.'" *Nat'l City Golf Fin. v. Scott*, 899 F.3d 412, 419 (5th Cir. 2018) (quoting *Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir.2002)). In evaluating whether extraordinary circumstances exist, courts may consider "the risk of injustice to the particular parties, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988). Escobedo explains neither how his request under subsection 6 is

3

mutually exclusive from his requests under subsections 1 and 3 nor what extraordinary circumstances justify relief from his voluntary dismissal. For these reasons, the Court finds that Escobedo has not sustained his burden under Rule 60(b) to reopen the case.

### III.    Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **DENY** Plaintiff's Motion to Vacate Dismissal and Reinstate Case (Dkt. 11) and **DISMISS AS MOOT** Plaintiff's Motion for Appointment of Counsel (Dkt. 14).

The Clerk is **ORDERED** to remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Robert Pitman.

### IV.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on May 12, 2026.

_____

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

4